Kenneth J. YARBROUGH

v.

**NORFOLK AND WESTERN RAILWAY COMPANY.**

Civ. A. No. 77–309.

United States District Court, W. D. Pennsylvania.

May 24, 1977.

Frank E. Little, Pittsburgh, Pa., for plaintiff.

John E. Beard, III, Pittsburgh, Pa., for defendant.

## MEMORANDUM

ROSENBERG, District Judge.

This matter is now before me on the motion of the respondent, Norfolk and Western Railway Company, to dismiss the petition of the petitioner, Kenneth J. Yarbrough, for a review of an award of Public Law Board No. 1428. The petitioner alleges jurisdiction is based on the Railway Labor Act, 45 U.S.C. § 153.

On September 15, 1973 or September 16, the petitioner, then employed by the respondent as a brakeman, sustained an injury to his leg by bumping it against a water cooler while riding in the caboose of the respondent's train upon which he was working. The apparent reason for the incident was a jerk in train movement caused by slack action. Although he mentioned to the conductor aboard that he bumped his leg, he made no injury report at that time because after a cursory examination he saw no damage and felt no pain.

Subsequently, the petitioner filed a personal injury report with the respondent on September 18, only after the pain he was suffering became great enough for him to see a doctor.

As a result of this report, the respondent charged the petitioner with violations of its Safety Rule 1001 and Operating Rule 423.

Safety Rule 1001: Employees must report all personal injuries, regardless of how slight, to the proper supervisory officer before leaving the company's premises. Even slight injuries should receive immediate attention to prevent infection.

Operating Rule 423: Every case of personal injury, accident or damage to property must be reported as soon as practicable by the quickest available means of communication and a written report upon the prescribed form rendered promptly.

Such reports must contain full details and names and addresses of all witnesses and all particulars of the occurrence.

On October 2nd, a trial was conducted by the respondent on the violations above and the petitioner was found guilty of both charges and subsequently dismissed. He then, along with his union, the United Transportation Union made a timely appeal of that decision to the National Railroad Adjustment Board, Public Law Board No. 1428, 45 U.S.C. § 153.

On March 24, 1975, Public Law Board No. 1428 consisting of three members, entered its findings with one member dissenting. The Board held,

". . . we are persuaded that all the surrounding events at the time and the consequences which immediately followed strongly indicate that immediate reporting was called for within the requirements of Safety Rule 1001 ('Employees must report all personal injuries regardless of how slight . . .').

When claimant's entire record is taken into account as well as degree of knowledgeable default involved here, we believe that Carrier acted within its right in imposing discharge penalty.

Award:

Claimed Denied."

Public Law Board No. 1428, Award No. 1, pp. 2, 3

March 24, 1975, Cleveland, Ohio.

It is from this award that the petitioner has filed his petition for review.

The petitioner alleges that (1) the Board ignored the reporting of his injury to the conductor working with him as being in compliance with Safety Rule 1001; (2) the Board failed to consider the impossibility of reporting an injury which one does not feel to be an injury; (3) the Board did not consider the impact of a rule that would require an employee of the respondent to report an accident no matter how trivial; (4) the Board had no evidence on what factors established the condition of the injury; (5) the Board's decision was not based on facts adduced at the trial; (6) the Board improperly considered his entire record in arriving at its award; and (7) the Board's finding was arbitrary, unreasonable, capricious and without any rational basis in fact or law. The petitioner requests a review of the proceedings, a reversal of the Board's award and back pay for all the time he was improperly dismissed.

The respondent, Norfolk and Western Railway Company moves to dismiss the petition on the basis that (1) an award of the Public Law Board is final and binding upon both parties, 45 U.S.C. § 153; (2) the finding and order of the Board may be set aside only (a) if the Board failed to comply with the requirements of the Act; (b) if the Board's Order failed to conform or confine itself to matters within the scope of the Board's jurisdiction; or (c) for fraud or corruption by members of the Board making the order; (3) the petitioner seeks a review of the merits of the award; and (5) the petition fails to state a claim upon which relief may be granted.

■ The law is well settled that a district court should not preempt the function of a Public Law Board by reviewing the merits or placing its own interpretation upon the issues properly brought before a Public Law Board. *Brotherhood of Locomotive Engineers v. Missouri-Kansas R. Co.,* 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1379 (1960); *Denver & Rio Grande Western Railroad Company v. Blackett,* 538 F.2d 291, C.A. 10, 1976; *Kotakis v. Elgin, Joliet & Eastern Ry. Co.,* 520 F.2d 570, C.A. 7, 1975, cert. den. 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388, 1975. It is also specifically stated in 45 U.S.C. § 153, First (q) that:

"The court shall have jurisdiction to affirm the order of the division or to set it aside in whole or in part, or it may remand the proceedings to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to

conform, or confine itself, to matters within the scope of the division jurisdiction or for fraud or corruption by a member of the division making the order."

■ The petitioner is now requesting this Court to do that which the Act, itself, and the pertinent case law forbids. He desires that the record be looked at and the merits of his case re-examined. Taking as true all the averments contained in the petition as required when dealing with a motion, to dismiss, the petitioner does not allege anything that the Act considers cause for reversal or remand. It is not claimed that the Board acted outside its jurisdiction or a fraud was perpetrated. *Denver & R.G. W.R. Co. v. Blackett, supra.*

In any event, from a reading of the record submitted, it is clear that the Board's award took into consideration all that the petitioner avers that it did not and it is not for this Court to re-interpret what the Board has already done. The petitioner cannot merely complain that the Board's award was based on no foundation of law or fact, when this was not the situation from a reading of the record. As the Court held in *Kotakis, supra:*

"On analysis, plaintiff is essentially asserting that the Third Division disregarded evidence submitted to it or misinterpreted that evidence and misinterpreted the provisions of the labor contract. However, in *Gunther v. San Diego & Arizona Eastern Ry. Co., supra,* 382 U.S. 257 at 263, 86 S.Ct. 368, 15 L.Ed.2d 308, the Supreme Court held that the courts may not open up the Board's finding on the merits because Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board. Likewise, this Court has already determined that a litigant cannot complain merely that an Adjustment Board award was based on insufficient evidence. *Edwards v. St. Louis-San Francisco Railway Co., supra,* 361 F.2d 946, at 952. *Gunther* and *Edwards* also make it clear that the interpretation of railroad collective bargaining agreements is for the Adjustment Board, rather than

for the courts. 382 U.S. 261–262, 86 S.Ct. 368 and 361 F.2d 952. In view of these interpretations of the courts' power of review under Section 3 First (q), we cannot sustain plaintiff's attack on the merits of the award."

■ It is obvious that Safety Rule 1001 was not followed and the petitioner had reason to know that strict adherence was required by him. The petitioner does not allege that Safety Rule 1001 is in itself violative of any inherent rights but rather makes the argument that the Board's interpretation of the Rule was errant, based on too little fact or too much fact. A district court does not have the power to re-interpret a rule to make it fit the factual situation that the petitioner might fashion as being pertinent and in his favor if the Board acted within the scope of the Act. *Denver & R.W.G.W.R. v. Blackett, supra.* Here the Board did exactly as it was constituted to do by Congress, no more, no less. 45 U.S.C. § 153.

■ Additionally, the petitioner loses sight of the fact that the respondent imposed the discharge penalty and not the Board. It was not the Board's perogative to justify to the petitioner the reasoning behind the ultimate penalty but rather to insure justice by determining that a punishment was indeed justified. There were no allegations to the Board that such a punishment was too harsh.

Finally, the purpose of the Public Law Boards constituted by the Railway Labor Act would be thwarted continually if judicial review were mandated in every case where a Board held in favor of one party and against another based on facts presented to it. The Board should not be prevented from functioning properly by parties who are simply dissatisfied by the results.

It may be that the treatment afforded the petitioner was too harsh under the circumstances, but that is not a complaint which may be adjusted by a district court. To say that a determination is too harsh or not harsh enough would call for an exercise of judgment not vested in a district court by the applicable law of the case. Under-

standingly, this point was not raised by the petitioner.

Accordingly, the motion of the respondent, Norfolk and Western Railway Company to dismiss the petition will be granted.